IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:18-00034

**PHYLLIS DOTY**

## MEMORANDUM OPINION AND ORDER

Pending before the court are three pretrial motions filed by the defendant. ECF Nos. 15, 16, 17. The court heard argument on each motion at the April 19, 2018 pretrial motions hearing. For the reasons placed on the record, defendant's Motion to Strike Surplusage from Indictment was **DENIED**, (ECF No. 15), and defendant's Motion under Rule 12(b)(4)(B) iwas **DENIED** as moot, (ECF No. 16).

At the hearing, the court took under submission defendant's Motion for Bill of Particulars as to Count Three. ECF No. 17. For the reasons that follow, the court **DENIES** defendant's motion.

### I. BACKGROUND

Phyllis Doty, a prior employee of the Logan County Board of Education ("LCBOE"), is charged with embezzling items from and improperly using funds of the LCBOE. ECF No. 1. The Indictment charges her with stealing at least 20 Apple, Inc. products (iPods and iPads) worth more than $12,000 and ordering more than

1

$6,800 in wedding supplies with LCBOE money. Id. The Indictment charges Doty with a total of five (5) counts, including wire fraud, theft concerning programs receiving federal funds, and mail fraud.

Specific to defendant's motion for a bill of particulars, Count Three charges Doty with a violation of 18 U.S.C. 666(a)(1)(A) which prohibits embezzlement[1] from organizations receiving federal funds. ECF No. 1 at p.10. The statute in relevant part provides:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists-
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof-
> (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that-
> (i) is valued at $5,000 or more, and
> (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency shall be fined under this title, imprisoned not more than 10 years, or both.
> (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives in any one year period, benefits in excess in $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. 666(a)(1)(A).

---

[1] The court uses the term "embezzlement" as shorthand to describe the range of prohbited activities encapsulated in 18 U.S.C. § 666(a)(1)(A).

2

The Indictment limits Count Three to Doty's alleged embezzlement of Apple, Inc. products, which, in the aggregate, are valued at more than $5,000. ECF No. 1 at p.10. The government's 14-page "speaking" Indictment details Doty's conduct: LCBOE ordered at least 350 iPods and iPads from Apple between September 2011 and November 2013. Doty stole at least 20 of these devices. As examples, in August 2011, Doty purchased ten (10) iPods for $2,990 paid with LCBOE funds. Seven (7) of these iPods were later sold on an eBay account registered to one of Doty's relatives. In July 2013, Doty purchased six (6) iPads for $3,924 paid with LCBOE funds. Four (4) of these iPads were eventually registered to members of defendant's family. In December 2013, Doty purchased four (4) iPods for $1,180 using a LCBOE purchasing card. Three (3) of these iPods were given by Doty as gifts to family members and one (1) was sold on eBay. Id. at pp. 3-5. Cumulatively, the government alleges Doty defrauded LCBOE out of $12,000 in Apple products. Id. at p.5.

## II. DISCUSSION

Federal Rule of Criminal Procedure 7(f) states in pertinent part, "the defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Doty was arraigned on March 9, 2018, therefore defense counsel's April 12, 2018 motion is not timely. See ECF

No. 17. Nevertheless, the court permits defendant's tardy motion and reviews its merits.

A bill of particulars supplements an indictment if the government fails in its responsibility under Federal Rule of Criminal Procedure 7(c) to provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  See also United States v. Duncan, 598 F.2d 839, 848 (4th Cir. 1979) (An indictment "should be sufficiently detailed to apprise the defendant of the charge against him so that [he] may prepare his defense.").  The purpose of a bill of particulars "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial . . . not . . . to provide detailed disclosure of the government's evidence in advance of trial."  United States v. Automated Medical Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985) (citations omitted).

Defendant's motion essentially asks, "which specific Apple products are we talking about?"  ECF Nos. 17, 18.  At the hearing, defense counsel emphasized United States v. Valentine, 63 F.3d 459, 464 (6th Cir. 1995) to illustrate its need for a log of each specific Apple product at issue.  In Valentine, the Sixth Circuit Court of Appeals held "that a natural reading of [18 U.S.C. 666(a)] requires the $5,000 theft to occur during a

one-year period." While Valentine may[2] curtail which Apple products may be relied upon by the government to reach the $5,000 theft threshold of 18 U.S.C. 666(a), the Indictment properly notifies Doty of the substance of the charges levied against her. Specifically, the Indictment's factual recitation, coupled with its acknowledgment that Count Three only concerns Doty's alleged embezzlement of Apple products sufficiently informs the defendant. United States v. Scruggs, No. 96-0054-C, 1997 WL 128113, at *1 (W.D. Va. Mar. 18, 1997) ("The purpose of a bill of particulars is not to disclose the government's evidence against the defendant in advance of trial, or to replace discovery, but rather only to inform the defendant of 'essential information which may have been omitted from the indictment.'") (quoting United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973)).

Instead, the court finds that discovery is the proper method whereby defense counsel may make itself aware of the specific Apple products at issue. Further obviating the need for a bill of particulars, at the hearing, the government stated its willingness to provide defense counsel with a list of devices and the values that apply to Count Three. Scruggs, supra, at *1 ("When the information defendant seeks can be

---

[2] The court refrains from engaging in a detailed analysis of whether Valentine was correctly decided.

5

obtained from another satisfactory source, a bill of particulars is not required") (citing United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1992)). Accordingly, the court **DENIES** defendant's motion for a bill of particulars.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.

**IT IS SO ORDERED** this 10th day of May, 2018.

ENTER:

David A. Faber
Senior United States District Judge