UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

UNITED STATES OF AMERICA,

v.  Case No.: 2:18-00034

PHYLLIS DOTY,

Defendant.

## INTEGRATED MOTION AND MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS COUNTS 3

Comes now Defendant Mrs. Doty, by counsel, James Cagle and Jeaneen Legato, and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) moves this honorable Court to dismiss Count three of the Indictment. Count three fails to state an offense by failing to charge two essential elements of the crime. More specifically, the specific facts alleged in Count three of the Indictment fall beyond the scope of the relevant criminal statute, as a matter of statutory and common law interpretation.

Count three of the Indictment charges Mrs. Doty with violating 18 U.S.C. §666, *Theft Concerning Programs Receiving federal Funds.* The Government alleges that between July 15, 2013 and October 14, 2015, Mrs. Doty, then Superintendent of Logan County Board of Education (LCBOE), *stole, embezzled, obtained by fraud, and intentionally misapplied property* belonging to LCBOE, more specifically, Apple iPads totaling $5,000.00 or more.

Count three of the Indictment is fatally flawed because it fails to set forth the elements necessary for a conviction. Pursuant to 18 U.S.C. §666(a)(1)(A)(i) and (b), the theft must occur within a one year period and the property stolen must be worth $5,000.00 or more. Count three of the Indictment impermissibly extends the statutory deadline within which the theft must occur, and

also fails to meet the $5,000.00 required threshold.

Paragraph 3 of Count three of the Indictment states that the theft occurred "on or about July 15, 2013, to on or about October 14, 2015." This is a time frame which spans twenty seven (27) months. The statute requires that the theft occur within a one year period.

In *U.S. v. Valentine*, the Court reversed the defendant's conviction because the indictment improperly included numerous incidents of theft over a three year period.[1] In holding that 18 U.S.C. §666 required the Government to prove that the aggregate thefts totaling at least $5,000.00 must occur over a one year period, the Court observed that "nothing in the legislative history shows that Congress intended to reach theft of insignificant amounts by allowing the government to aggregate conduct over an indefinite, expansive period of time."[2]

In Count three of this Indictment, the Government alleges that eight (8) iPads purchased by the LCBOE in July and November of 2013 were *fraudulently converted* at different times between the time period of August 2013 and October 2015. As proof of this, the Government intends to present evidence that the iPads were registered to individuals other than the LCBOE.

More specifically, the Government alleges that with respect to the five (5) iPads purchased by LCBOE on July 15, 2013, three (3) were registered to persons other than the LCBOE in August of 2013; one (1) was registered to someone other than the LCBOE in December of 2013; and, one (1) was registered to someone other than the LCBOE in October of 2015.

With respect to the three (3) iPads purchased by LCBOE on November 25, 2013, two (2) were registered to persons other than the LCBOE in December of 2013, and one (1) was registered

---

[1] U.S. v. Valentine, 63 F.3d 459 (6th Cir., 1995).

[2] Id. at p. 463.

also fails to meet the $5,000.00 required threshold.

Paragraph 3 of Count three of the Indictment states that the theft occurred "on or about July 15, 2013, to on or about October 14, 2015." This is a time frame which spans twenty seven (27) months. The statute requires that the theft occur within a one year period.

In *U.S. v. Valentine*, the Court reversed the defendant's conviction because the indictment improperly included numerous incidents of theft over a three year period.[1] In holding that 18 U.S.C. §666 required the Government to prove that the aggregate thefts totaling at least $5,000.00 must occur over a one year period, the Court observed that "nothing in the legislative history shows that Congress intended to reach theft of insignificant amounts by allowing the government to aggregate conduct over an indefinite, expansive period of time."[2]

In Count three of this Indictment, the Government alleges that eight (8) iPads purchased by the LCBOE in July and November of 2013 were *fraudulently converted* at different times between the time period of August 2013 and October 2015. As proof of this, the Government intends to present evidence that the iPads were registered to individuals other than the LCBOE.

More specifically, the Government alleges that with respect to the five (5) iPads purchased by LCBOE on July 15, 2013, three (3) were registered to persons other than the LCBOE in August of 2013; one (1) was registered to someone other than the LCBOE in December of 2013; and, one (1) was registered to someone other than the LCBOE in October of 2015.

With respect to the three (3) iPads purchased by LCBOE on November 25, 2013, two (2) were registered to persons other than the LCBOE in December of 2013, and one (1) was registered

---

[1] U.S. v. Valentine, 63 F.3d 459 (6th Cir., 1995).

[2] Id. at p. 463.

to someone other than the LCBOE in January of 2014. A breakdown of the Government's evidence is as follows:

| July 15, 2013 LCBOE purchase | Registration Name | Date Registered | Amount |
|---|---|---|---|
| DMQL4SQMF183 | Jonathon Doty | 8/15/13 | $599 |
| DMQL4S1CF183 | Jack Doty | 8/7/13 | $599 |
| DMQL4LB9F183 | Ashley Stapelton | 12/29/13 | $599 |
| DMQL4T64F183 | Archie Lambert | 8/19/13 | $599 |
| *DLXKP153FCYC* | *Jonathon Doty* | *10/14/15* | *$929* |

| Nov. 25, 2013 LCBOE purchase | Registration Name | Date Registered | Amount |
|---|---|---|---|
| DMPLR6LSFK13 | Jack Doty | 12/11/13 | $799 |
| DMPLR6M1FK13 | Sheila Maynard | 12/25/13 | $799 |
| DMPLR6TTFK13 | Donald Eddy | 1/19/14 | $799 |

**The sum total of the above is $4,793.00 when the October 2015 "theft" is eliminated.**

None of the iPads at issue were ever registered to Defendant Mrs. Doty. Although the Government claimed, during the last hearing, to have evidence that Defendant Mrs. Doty used her husband Jack Doty's eBay account to sell two of the above-referenced iPads, no such evidence exists in the discovery. Moreover, the uncontroverted evidence is that none of the iPads were ever registered to Defendant Mrs. Doty and nothing establishes that she was involved in the eBay transactions.

Even if the Government could establish that these iPads were fraudulently converted and that Defendant Mrs. Doty culpably engaged in the conversion, Count three of the Indictment should still be dismissed for failing to allege theft of $5,000.00 or more worth of property, and that such theft occurred within a one year period as required by 18 U.S.C. §666(a)(1)(A)(i) and (b).

An aggregation of all of the iPads totals $5,722; however, the $929 iPad cannot be included because the alleged theft occurred beyond the one year requirement as contained in 18 U.S.C.

§666(b). Additionally, with respect to that order, five iPads were ordered for the five Board members at $599.00 each and one iPad at $929.00 for the Superintendent Mrs. Doty. The purchase order was approved and signed by the purchasing director Ray Ellis.[3]

Paragraph 2 of Count 3 of the Indictment states that LCBOE received the requisite federal funds "during the one-year period beginning July 1, 2013." Although it defies credulity, assuming there was a "theft" of the $929 iPad, the alleged conversion occurred on October 14, 2015, clearly beyond the one year statutory deadline of June 30, 2014.[4]

When the $929 iPad is subtracted from the aggregate, the total becomes $4,793.00 which is below the $5,000.00 statutory threshold as established by 18 U.S.C. §666(a)(1)(A)(i).

Additionally, five of the other iPads should be subtracted from the total because there is no evidence that Defendant Mrs. Doty ever used her husband's eBay account. This leaves two iPads - one of which was registered to Jonathon Doty and one of which was registered to Sheila Maynard, a teacher employed by LCBOE. Again, assuming that the Government can present evidence of Defendant's criminal culpability with respect to these two iPads, the cost of these iPads total $1,398.00, well below the statutory $5,000.00 threshold.

Wherefore, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Defendant Mrs. Doty prays this Court will dismiss Count 3 of the Indictment for failure to assert the theft of

---

[3] See attached as Exhibit A, the LCBOE purchase order indicating that five iPads were purchased for the Board members and one ($929.00) for the Superintendent.

[4] Although defense counsel concedes that case law indicates that the Government is not required to prove a nexus between the federal money received and the theft, it is interesting to note that in this case, no federal funds were used to purchase any of the items which are the subject of all of the counts in this Indictment. Counsel reserves the argument that to prove a violation of §666 there must be a federal nexus to the funds.

$5,000.00 or more worth of property within a one year period as required by 18 U.S.C. §666(a)(1)(A)(i) and (b) and for the other reasons set forth herein.

Respectfully Submitted,

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia 25301
Email: caglelaw@aol.com
Phone: (304) 342-3174
Fax: (304) 342-0448
*Counsel for Respondent Phyllis L. Doty*

/s/ J. Jeaneen Legato
J. Jeaneen Legato, Esq. (WV Bar No. 6978)
Legato Law, PLLC
405 Capitol St., Ste 701
Charleston, WV 25301
Email: jeaneenlegato@gmail.com
Phone: (304) 340-9910
Fax: (304) 340-9915
*Co-Counsel for Respondent Phyllis L. Doty*

# EXHIBIT A

**___ COUNTY SCHOOLS REQUISITION**
Box 477, Logan, WV 25601
Phone (304) 752-1550 Fax 752-3711

VENDOR # 823    PURCHASE ORDER # 104780

CODE
VENDOR   Apple            DATE 7/10/13
                          SHIP TO 001

PHONE _____

| Payment Terms | Ship Via | Freight Terms | Pricing | Date Required | School |
|---|---|---|---|---|---|
| Quantity | Part Number and Description | | | Unit Cost | Total Cost |
| 5 | IPads } Board New ~~positions~~ } Members 11..1231.696.005 | | | | |
| 1 | 64GB Retina Display w/data 11..12321.696.001 | | | | |

Date Approved _____   Requisitioned By Phyllis Doty

Approved By _____   Approved By Principal / Supervisor

USAO-DOTY-354419

506 Holly Avenue
P.O. BOX 477
Logan, West Virginia 25601
Telephone:(304) 792-2060; FAX:(304) 752-3711

P/O #: 104780

PO# 104780

TO: APPLE INC.
12545 RIATA VISTA CIRCLE
M/S: 198HE
AUSTIN, TX 78727

SHIP TO: LOGAN COUNTY SCHOOLS
506 HOLLY AVENUE
P.O. BOX 477
LOGAN, WV 25601
(304) 752-1550

866-845-2994

ATTN: RAY ELLIS

DATE: 7/15/13    SHIPPING: F.O.B DESINATIO    REQUISITION:

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| 1 EA | ME400LL/A<br>IPAD WITH RETINA DISPLAY WIF-FI + CELLULAR FOR AT&T 128GB | 929.0000 | 929.00 |
| 5 EA | IPAD WITH RETINA DISPLAY WI-FI 32 GB FOR BOARD MEMBERS | 599.0000 | 2,995.00 |
|  | TOTAL |  | 3,924.00<br>*************** |

ACCOUNT
11.00000.12321.696.001.0000.0000.00
11.00000.12311.696.005.0000.0000.00

AMOUNT
929.00
2,995.00

**INSTRUCTIONS TO VENDORS**
1. Do not overship or substitute without prior Logan BOE approval.
2. Send all invoices in triplicate to: Logan County Schools, PO Box 477 Logan, WV, 25601
3. Prepay all transportation charges.
4. All shipments must contain packing slip.
5. The purchase order number must appear on all invoices, packing slips, packages.
6. This purchase order is not transferable.

Include no state sales or use taxes or federal excise taxes in the amounts billed. State separately on each invoice the amount of manufacturers' federal excise tax, if any. Invoices shall be applicable to a single purchase order and must state terms and notation of "complete order." Do not invoice for items back ordered until shipped. If purchase order request cannot be filled completely send a back order memoranda with delivery. If filling shortages, be sure to show original purchase order number. The board will not be responsible for any changes for items delivered except through purchase order duly executed.
Our West Virginia Tax Blanket Exemption No. is 55 6000344 001.

AUTHORIZED SIGNATURE OF PURCHASING OFFICIAL

PURCHASING COPY

45001POCC

DOTY-APL-00007

**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of West Virginia**

UNITED STATES OF AMERICA,

v.  Case No.: 2:18-00034

PHYLLIS DOTY,

    Defendant.

**CERTIFICATE OF SERVICE**

    The undersigned, counsel for the Defendant, Phyllis L. Doty, does hereby certify that a true and correct copy of the *Integrate Motion and Memorandum in Support of Motion to Dismiss Count3* was served via electronic filing to Gabriele Wohl, A.U.S.A. on the on this the 25th day of June, 2018.

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia 25301
Email: caglelaw@aol.com
Phone: (304) 342-3174
Fax: (304) 342-0448
*Counsel for Respondent Phyllis L. Doty*

/s/ Jeaneen J. Legato
Jeaneen J. Legato, Esq. (WV Bar No. 6978)
Legato Law, PLLC
405 Capitol St., Ste 701
Charleston, WV 25301
Email: jeaneenlegato@gmail.com
Phone: (304) 340-9910
Fax: (304) 340-9915
*Co-Counsel for Respondent Phyllis L. Doty*