IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                           CRIMINAL NO. 2:18-00034

**PHYLLIS DOTY**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court are the defendant's motions to dismiss Counts Three, Four, and Five of the Indictment and motion to strike surplusage from the Indictment. ECF Nos. 30-33. For the reasons that follow, the court **GRANTED** defendant's motions to dismiss Counts Three and Four[1] and **DENIES** defendant's motion to dismiss Count Five and motion to strike surplusage.

## I. BACKGROUND

Phyllis Doty, a prior employee of the Logan County Board of Education ("LCBOE"), was indicted for embezzling items from and improperly using funds of the LCBOE. ECF No. 1. The Indictment[2] charges Doty with fraudulently purchasing Apple products (iPods and iPads) to sell and give as gifts to family members and obtaining wedding supplies for her son's wedding. <u>Id.</u> The

---

[1] By Order entered on July 6, 2018, the court granted the motions to dismiss without prejudice. <u>See</u> ECF No. 38.

[2] A Superseding Indictment was filed on July 10, 2018. <u>See</u> ECF No. 41. This Memorandum Opinion and Order addresses the original Indictment.

Indictment charges Doty in a total of five (5) counts, including wire fraud (Counts 1 and 2), theft concerning programs receiving federal funds (Counts 3 and 4), and mail fraud (Count 5).

## II. MOTIONS TO DISMISS

### A. Applicable Law

Rule 12 of the Federal Rules of Criminal Procedure permits a defendant to file a pretrial motion alleging a defect in the charging document. Fed. R. Crim. P. 12(b)(3)(B). Therefore, while the court presumes the facts as alleged by the government are true, United States v. Treacy, 677 Fed. Appx. 869, 873 (4th Cir. 2017), if the indictment fails to state conduct which would result in a crime, then the court may dismiss the indictment as defective. United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012) ("A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution.'") (quoting United States v. Snipes, 611 F.3d 855, 866 (11th Cir. 2010)). Therefore, to warrant dismissal the defendant must "demonstrate that the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004) (citing United States v. Hooker, 841 F.2d 1225, 1227-28 (4th Cir. 1988) (en banc)).

## B. Counts Three and Four Fail to Charge Doty with Violations of 18 U.S.C.§ 666(a)(1)(A)

Count Three and Four charge Doty with violations of 18 U.S.C. § 666(a)(1)(A), which prohibits the embezzlement[3] of more than $5,000 from organizations receiving federal funds more than $10,000. ECF No. 1 at p.10. The statute in relevant part provides:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists--
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
> (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
> (i) is valued at $5,000 or more, and
> (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency shall be fined under this title, imprisoned not more than 10 years, or both.
>
> (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives in any one year period, benefits in excess in $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.
>
> \* \* \*
>
> (d) As used in this section—-
> (5) the term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include

---

[3] The court uses the term "embezzlement" as shorthand to describe the range of prohibited activities encapsulated in 18 U.S.C. § 666(a)(1)(A).

3

> time both before and after the commission of the
> offense.

18 U.S.C. 666(a)(1)(A).

While the parties agree that multiple acts of embezzlement may be aggregated to meet the $5,000 theft threshold, <u>United States v. Sanderson</u>, 966 F.2d 184 (6th Cir. 1992), followed by <u>United States v. Miller</u>, 200 F. Supp. 2d 616, 619 (S.D.W. Va. 2002) (Haden, J.), the parties dispute whether the "in any one-year period" temporally limits not only to the $10,000 receipt of federal funds threshold but also the $5,000 theft threshold.

While the Fourth Circuit has never considered this issue, a divided panel of the Sixth Circuit in <u>United States v. Valentine</u>, 63 F.3d 459, 464 (6th Cir. 1995), held that the $5,000 theft threshold is constrained by the one-year limitation. <u>Valentine</u> has since been unanimously followed. <u>See</u> <u>United States v. Hines</u>, 541 F.3d 833, 837 (8th Cir. 2008) ("The series of transactions so charged must fall within a one-year period wherein the government agency or organization received $10,000 or more in federal funds."); <u>United States v. Newell</u>, 658 F.3d 1, 24 (1st Cir. 2011) ("the government may aggregate transactions occurring within a one-year time period in order to meet the $5000 jurisdictional minimum of § 666(a)(1)(A)."); <u>United States v. Urlacher</u>, 784 F. Supp. 61, 64 (W.D.N.Y.), <u>aff'd</u>, 979 F.2d 935 (2d Cir. 1992) ("I hold that the 'unit of

prosecution' in this case is '$5,000 or more,' from whatever source, in any one year period in which the government or agency at issue receives more than $10,000 in Federal aid.").

The government asserts that this line of cases is misguided because Congress enacted § 666 as part of Title XI of the Comprehensive Crime Control Act of 1984, which expanded existing federal statutes prohibiting theft or bribery by agents of programs receiving federal funds. Indeed, legislative history states that § 666 was "designed to <u>create new offenses to augment</u> the ability of the United States to vindicate significant acts of theft, fraud, and bribery involving Federal monies." S.Rep. No. 225 at 369, 98th Cong., 2d Sess., reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3510 ("Senate Report") (emphasis added). But the government's arguments are confined how § 666 expanded its license to prosecute violations without consideration that § 666 was also purposed upon "vindicat[ing] significant acts" of theft. <u>Id.</u> Reviewing the legislative history, one district court noted,

> Congress recognized that [§666] constituted a significant intrusion of federal law enforcement into traditional areas of local concern; thus, it made the new statute applicable only to crimes <u>involving substantial sums of money. Illegal activity involving lesser sums remains within the province of state law.</u>

<u>United States v. Webb</u>, 691 F. Supp. 1164, 1168 (N.D. Ill. 1988) (emphasis added) (aggregating acts of embezzlement from October

5

1984 to March 1985). Thus, § 666's expanded reach is curtailed by only criminalizing acts of embezzlement which significantly deplete federal coffers.

More importantly, the natural reading of § 666 indicates that the temporal "any one-year period" limitation applies to the theft threshold. When defining "any one-year period," infra, the temporal measurement may begin 12 months before the theft, end 12 months after the theft or include time before and after the commission of the offense. Id. Because the one-year period expressly allows for a period of time before and after the theft, the "commission of the offense," 18 U.S.C. 666(d)(5), "must fall within a one-year period." Hines, 541 F.3d at 837; see also Valentine, 63 F.3d at 463 ("Because the one-year period includes time both before and after the theft, a natural reading of the statute incorporates a finding that the offense must fall within the twelve-month window.").

Finally, the absence of a temporal limitation leads to absurd consequences. State employees could potentially be punished federally for the aggregated value of bringing home office supplies over the length of a public servant's career. Surely, a statute premised upon "vindicating significant acts of theft," punishable by up to 10 years imprisonment, is not intended to punish pencil thieves. Senate Report.

Accordingly, the court declines the government's offer to set its own wayward course, but instead follows Valentine and all other courts that have considered this issue. Therefore, to violate § 666, Doty must have embezzled $5,000 within the one-year period where the LCBOE received $10,000 in federal funds.

Counts Three and Four of the Indictment allege schemes which temporally exceed one year. Count Three alleges the theft of Apple products over a 27-month period - July 1, 2013 to October 14, 2015. ECF No. 1 at p.10. Count Four alleges a 13-month scheme between July 1, 2014 and August 2015 regarding wedding supplies. Id. at p.11.

Cognizant that the $5,000 threshold must be established during a one-year period and Counts Three and Four fail in this respect, the court must now determine if this deficiency constitutes "an infirmity of law in the prosecution." Engle, 676 F.3d at 415. The government argues that a jury instruction consistent with Valentine and Hines may cure this defect. See ECF No. 34 at p.8. The court disagrees. Unlike cases "[w]here a particular date is not a substantive element of the crime charged" and "strict chronological specificity or accuracy is not required," United States v. Morris, 700 F.2d 427, 429 (1st Cir. 1983), here the one-year period is a material element of § 666. Therefore, Counts Three and Four, both premised on schemes exceeding one year, are overbroad and fail to assert a criminal

7

act, punishable by § 666. See Thomas, 367 F.3d at 197. Accordingly, the court **GRANTED** defendant's motions and **DISMISSED** both Counts Three and Four without prejudice.

### C. Defendant's Motion to Dismiss Count Five Is Denied Because It Is Premised Upon Alleged Factual Deficiencies Within the Indictment

Count Five charges Doty with mail fraud stemming from falsely and fraudulently directing the delivery of wedding decorations for her own use in violation of 18 U.S.C. § 1341. "[T]o convict a person of mail fraud . . . the government must show that the defendant (1) devised or intended to devise a scheme to defraud and (2) used the mail . . . communications in furtherance of the scheme." United States v. Wynn, 684 F.3d 473, 477 (4th Cir. 2012). The Indictment facially fulfills both elements. See ECF No. 1 at p.12.

The defendant takes issues with the factual contentions within the Indictment. First, the defendant argues that Doty "merely borrowed" the items and that the "LCBOE had always maintained control, possession, and ownership." ECF No. 33 at p.2. Second, the LCBOE has a policy of allowing county residents to use their facilities and equipment. Id. at p.3. Third, the government's own discovery "reflects that the LCBOE approved" the purchase of these items. Id. at p.4 (emphasis omitted). According to defendant, if proven, these defenses would undercut the government's claim that Doty devised a

schemed to defraud the LCBOE due to insufficient mens rea. However, these factual disagreements are not intended for Rule 12(b)(3)(B) motions wherein "the allegations of the indictment must be taken as true." United States v. Carter, No. CRIM.A. 3:13-00003, 2013 WL 1331237, at *1 (S.D.W. Va. Apr. 2, 2013); United States v. Terry, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring) ("It is elementary that a motion to dismiss an indictment implicates only the legal sufficiency of its allegations, not the proof offered by the Government."). Instead, the proper theatre for such contentions is at trial. The allegations in Count Five properly state the elements of mail fraud, and defendant's motion is denied.

### III. MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT

After the court's original denial of a similar motion, but with the benefit of discovery, Doty renews her motion to strike surplusage from the Indictment. ECF No. 30. Pursuant to Federal Rules of Criminal Procedure 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment." To strike surplusage, the information must be both irrelevant and prejudicial. See United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006); see also United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006). In its review, the trial court is allotted "wide discretion in coping with such

9

motions." United States v. Courtney, 257 F.2d 944, 947 (2d Cir. 1958).

First, Doty argues that all references to the eBay account "jack1545" should be stricken because the Indictment charges Doty with the actions of her husband, Jack Doty. Defendant claims that the government has not produced any evidence that this eBay account, registered to Jack, has any nexus to the defendant. The government responds that defendant's motion attempts to elicit the government's trial strategy, and "the simple fact that the [Ebay] account was registered in one family member's name is not conclusive evidence that it was only accessed by that person, or that the activity on that account was only known to that person." ECF No. 34 at p.4. Thus, it is certainly not clear that the allegations regarding this eBay account are irrelevant, and the court cannot conclude that Doty will be prejudiced by the inclusion of this information if the court issues a limiting instruction regarding mens rea. See Williams, 445 F.3d at 733.

Next, the defendant seeks to strike information that the LCBOE ordered 350 Apple products between September 2011 and November 2013. This information appears to be relevant background information regarding the purchasing practices of the LCBOE and neither inflammatory nor prejudicial.

Last, Doty alleges that the Indictment "improperly injects an uncharged wrong or crime" by stating that Doty used a LCBOE purchasing card to buy Apple products for fraudulent purposes. Id. at ¶ 18. This information appears "relevant in a general sense to the overall scheme alleged in the indictment," United States v. Caruso, 948 F. Supp. 382, 392 (D.N.J. 1996), and this material does not rise to the level of prejudicing the defendant. Therefore, the court refuses to strike this information.

### IV. CONCLUSION

Accordingly, the court **DENIES** defendant's renewed motion to strike surplusage from the indictment, (ECF No. 30); **GRANTED** defendant's motions to dismiss Counts Three and Four and **DISMISSED** both counts without prejudice, (ECF Nos. 31, 32); and **DENIES** defendant's motion to dismiss Count Five, (ECF No. 33).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.

**IT IS SO ORDERED** this 13th day of July, 2018.

ENTER:

David A. Faber
Senior United States District Judge