IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:18-00034

**PHYLLIS DOTY**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the government's motion for early production of records pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. ECF No. 53. The government requests that this court order XPO Logistics to provide "[a]ll records relating to the 2015 shipment by Con-Way Freight of items to Chapmanville Middle School in Chapmanville, West Virginia, identified by the PRO# 360-546354." ECF No. 53-2. The government requests that these documents be provided to the Clerk of this court by July 24, 2018. Id.

### I. APPLICABLE LAW

Rule 17(c) of the Federal Rules of Criminal Procedure provides in pertinent part:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The district court retains the authority to "quash or modify the subpoena if compliance would be unreasonable or oppressive,"

Fed. R. Crim. P. 17(c)(2). "A subpoena is unreasonable or oppressive if it is 'excessively broad' or 'overly vague.'" United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010) (citing United States v. Under Seal (In re Grand Jury), 478 F.3d 581, 584 (4th Cir. 2007)).

In the seminal case of Bowman Dairy Co. v. United States, the United States Supreme Court stated, "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." 341 U.S. 214, 220 (1951); see also United States v. Caro, 597 F.3d 608, 616 (4th Cir. 2010) ("[A] Rule 17 subpoena duces tecum cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena.") (internal quotation marks omitted).

United States v. Nixon was the first time the Supreme Court addressed a Rule 17(c) subpoena sent to a non-party.[1] 428 U.S. 683 (1974). Here, the Special Prosecutor requested that the court issue a Rule 17(c) subpoena for production "of certain tapes, memoranda, papers, transcripts or other writings relating to certain precisely identified meetings between the President

---

[1] Albeit extraordinary non-party: Richard Nixon, the President of the United States.

2

and others." Id. at 688. These specific meetings and their respective dates were enumerated in a schedule attached to the subpoena. Id. at 688, n.5. The Supreme Court, in concluding that a sufficient showing was made by the Special Prosecutor, held that the requesting party bears the burden of showing:

> (1)that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

418 U.S. at 699–700 (footnote omitted). More succinctly, "in order to carry his burden, [the moving party] must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

Rule 17(c) subpoenas often fail to pass the muster of Nixon's "specificity" prong because, as stated infra, Rule 17(c) is not intended as a method of general discovery. Id. at 699–700, following Bowman Dairy Co., 341 U.S. at 220. The Fourth Circuit recently illustrated the Nixon specificity threshold in United States v. Rand 835 F.3d 451, 463 (4th Cir.), cert. denied, 137 S. Ct. 525 (2016).[2] In the case, the defendant

---

[2] In this case, the Fourth Circuit expressly followed Nixon, "declin[ing] to adopt a lower standard for third-party subpoenas under Rule 17(c)." Rand, 835 F.3d at 463 (quotations and internal citations omitted). In doing so, the Fourth Circuit

3

Michael Rand, the chief accounting officer of a home-building company, Beazer, was charged with improperly adjusting the company's earnings. Id. at 451. Rand sought the production pursuant to Rule 17(c) of Beazer's "accounting entries, budgets, budget entries and financial reports for seven categories of reserve accounts over an eight-year period—the timeframe of the alleged conspiracy." Id. at 463. Rand argued that these documents "would have enabled him to show the reasonableness of the reserve adjustments looking more broadly at Beazer resources and over a period of time." Id. The Fourth Circuit affirmed the district court's refusal to issue the subpoena because defendant's broad request was not appropriately limited, but instead "more of a fishing expedition, frowned upon by Nixon." Id. at 463-64.

## II. DISCUSSION

The government's motion and proposed subpoena do not even attempt to satisfy the Nixon test. The government's request is limited to the proposed subpoena itself. See ECF No. 53-2 ("All

---

refused to adopt a lower standard for criminal defendants crafted in United States v. Tucker, 249 F.R.D. 58, 66 (S.D.N.Y. 2008), whereby criminal defendants "need only show that the request is (1) reasonable, construed as 'material to the defense,' and (2) not unduly oppressive for the producing party to respond." Id. Accordingly, this court follows the three-prong Nixon test.

4

records relating to the 2015 shipment by Con-Way Freight of items to Chapmanville Middle School in Chapmanville, West Virginia, identified by the PRO# 360-546354."). Undefined requests for documents, like the instant request, fail to comport with the specificity prong of Nixon. See United States v. Shepard, No. 4:09CR423 RWS DDN, 2010 WL 750110, at *3 (E.D. Mo. Feb. 26, 2010) ("Requests for 'any and all documents' are emblematic of a discovery request or of a fishing expedition.") (collecting cases); United States v. Wai Lun Ng, No. 5:07CR24-V, 2007 WL 3046215 at *3 (W.D.N.C. Oct. 16, 2007) (quashing proposed subpoenas, holding that a Rule 17(c)subpoena which requests "'any and all' documents are too broad to meet the test outlined in Nixon.").

Moreover, the indeterminate nature of the documents requested by the government poses problems under the admissibility and relevancy prongs of Nixon because the court cannot predict what documents will be produced and how they could be utilized at trial by the government. While the court is cognizant that the request seeks information limited to "PRO# 360-546354," without the proper context, the court is unable to fully grasp this limitation or the significance of the documents requested.[3] Accordingly, without a proper background into why

---

[3] Based upon the limited nature of the information provided by the United States, the court believes that the requested documents relate to the allegations set forth in paragraph 23-28 and Count Six of the Superseding Indictment. However, the government's motion does not make this sufficiently clear.

production of this material is necessary before trial, the court **DENIES** the government's request that the court issue its proposed subpoena. ECF No. 53.

### III. CONCLUSION

Accordingly, the court **DENIES** the government's motion without prejudice. If the government can construct a Rule 17(c) subpoena and articulate its conformity with Nixon, it may make another request of the court.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 23rd day of July, 2018.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge