IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:18-00034

**PHYLLIS DOTY**

MEMORANDUM OPINION AND ORDER

Pending before the court is the government's second motion for early production of records pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure. ECF No. 61. The government requests that the court order Gary Firestone, the Authorized Records Custodian of XPO Logistics to provide "[a]ll records relating to the 2015 shipment by Con-Way Freight of items to Chapmanville Middle School in Chapmanville, West Virginia, identified by the PRO# 360-546354." ECF No. 61-1.

I. APPLICABLE LAW

Because the court has already discussed the applicable law for Rule 17(c) subpoenas as established by United States v. Nixon, 418 U.S. 683 (1974) and its progeny, the court refers the parties to the courts' prior Memorandum Opinion and Order denying the government's first motion for a Rule 17(c) subpoena. See ECF No. 57. Nevertheless, it is important to recall Rule 17(c)'s parameters: (1) "Its chief innovation was to expedite the trial by providing a time and place before trial for the

inspection of the subpoenaed materials" and (2) it is not intended to provide a means of discovery in criminal cases in excess of the contours of Rule 16 of the Federal Rules of Criminal Procedure. Bowman Dairy Co. v. United States, 341 U.S., 214, 221 (1951). To meet these thresholds, the moving party must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Nixon, 418 U.S. at 699-700.

## II. DISCUSSION

The government's motion for a Rule 17(c) subpoena complies with Nixon. The government's motion explains that Conway Express was responsible for shipping urns, columns, and a colonnade from a "Company B" to the Logan County Board of Education (LCBOE) in March 2015. This delivery is related to Count Six of the Superseding Indictment which charges mail fraud in violation of 18 U.S.C. § 1341. Here, the government alleges that Doty purchased these items for the LCBOE with LCBOE funds but intended them for use at her son's wedding. See Superseding Indictment at p.13.

To demonstrate a violation of § 1341, the government must show (among other elements) that Conway, which has now been bought out by XPO Logistics, was the "commercial interstate carrier" of these items. During its investigation, the government has identified this shipment as PRO# 360-546354. Nevertheless, a representative from XPO Logistics stated the he

would not provide these documents to the government "absent a subpoena or other court order." ECF No. 61 at p.3. The government contends that these shipping records prove Conway was the commercial interstate carrier utilized for the delivery of the items.

The court finds that the Conway shipping records are relevant in proving Count Six as alleged in the Superseding Indictment because they support the government's assertion that Conway was the "commercial interstate carrier" in Count Six. The shipping records appear to be admissible as business records kept in the regular course of business. See Fed. R. Evid. 803(6). Finally, the government has provided the court with specific information identifying the March 2015 shipment. See ECF No. 61 at pp. 2, 5. Accordingly, the court **GRANTS** the government's motion.

### III. CONCLUSION

Accordingly, the court **ORDERS** XPO Logistics to produce the documents designated in the Rule 17(c)(1) subpoena as proposed by the government. See ECF No. 61-1. Moreover, XPO Logistics is **ORDERED** to provide such documents to the Office of the Clerk of this Court in Charleston, West Virginia on or before August 18, 2018, within 15 days of this Memorandum Opinion and Order. Id.

Upon receipt of these items and without making them part of the record, the Clerk of this Court is **DIRECTED** to allow the parties and their attorneys to inspect and copy these documents. The Clerk of this Court will retain custody of the documents until the conclusion of the trial. Once the trial concludes, the documents will be destroyed.

**IT IS SO ORDERED** this 3rd day of August 2018.

ENTER:

David A. Faber
Senior United States District Judge