## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                             **CRIMINAL NO. 2:18-00034**

**PHYLLIS DOTY**

### MEMORANDUM OPINION AND ORDER

Before the court are a number of pretrial motions all heard at the third pretrial motions hearing on August 27, 2018.

### I.   COURT'S FINDINGS AT SECOND PRETRIAL MOTIONS HEARING

For the reasons placed on the record at the hearing, the court hereby **ORDERED**:

1)   Pursuant to Rule 104 of the Federal Rules of Evidence, Doty filed a motion requesting the court decide whether she could offer evidence of the rental value of the items purchased by the Logan County Board of Education (LCBOE), purposed for the wedding of Doty's son.  See ECF No. 69.  The court determined that the rental value of these items was not the appropriate monetary measurement.  This valuation sidesteps the allegations of the indictment: "that [Doty] purchased these items [using LCBOE money], and she purchased them for her benefit."  ECF No. 83 at p.3.  Therefore, but for Doty's purchases for her son's wedding, these items would never have been purchased in the first place, and evidence of the items' rental value is inappropriate towards determining the value of the property at issue.  Accordingly, Doty's motion was **GRANTED** insofar as she requested a decision from the court.

2)   Doty's Motion to Dismiss Counts 1, 2, 3, 6, 7, and 8 on Grounds of Multiplicity was **DENIED**.  ECF No. 76.  While

the government charges Doty with multiple counts arising from the same alleged fraud, each count requires "an additional fact which the other does not."  United States v. Blockberger, 284 U.S. 299 (1932); see also United States v. Tartaglione, 228 F. Supp. 3d 455, 463 (E.D. Pa. 2017) (indictment charging Theft from Program Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(A), mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343 passes Blockburger test and was not multiplicitous); United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008) ("Because §§ 1343 [wire fraud] and 666 [Theft from Program Receiving Federal Funds] each requires proof of an element not required by the other, [defendant's] convictions for both crimes satisfy the Blockburger test); United States v. Hines, 541 F.3d 833, 837 (8th Cir. 2008) (§ 666 "may be charged in multiple counts so long as the $5,000 requirement is met in each one-year time period.").

3)   Defendant's Motion to Dismiss Counts 4 and 5 on the Basis of Duplicity was **DENIED**.  ECF No. 78.  Courts have unanimously agreed § 666(a)(1)(A) allows for the aggregation of thefts as charged within a single scheme. See United States v. Webb, 691 F. Supp. 1164, 1168 (N.D. Ill. 1988); United States v. Valentine, 63 F.3d 459, 466 (6th Cir. 1995) ("There is ample support for allowing the government to aggregate several acts to establish the $5,000 threshold required for prosecution where the multiple conversions are part of a single scheme."); e.g. United States v. Sanderson, 966 F.2d 184 (6th Cir. 1992) (concluding  that "when one steals paint and supplies and then orders employees to use such materials in private contract work, both actions will be considered components of the larger, single fraudulent act of theft from the local government"), followed by United States v. Miller, 200 F. Supp. 2d 616, 619 (S.D.W. Va. 2002) (Haden, J.). Doty also argues that each of her alleged thefts are not part of a scheme but rather individual and discrete petit larcenies.  However, a determination of whether Doty's acts constitute a single scheme or individual acts is a

question of fact properly presented to a jury.  See United States v. Kamalu, 298 F. App'x 251, 254 (4th Cir. 2008) ("[T]wo or more acts, each of which would constitute an offense standing alone and which therefore could be charged as separate counts of an indictment, may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme." (quoting United States v. Shorter, 809 F.2d 54, 56 (D.C. Cir. 1987)).

4)   Doty's Motion to Dismiss Counts 3, 4, 7, and 8 and Forfeiture Claim on Grounds of Prosecutorial Vindictiveness was **DENIED**.  ECF No. 81.  The court granted a motion to dismiss two counts of the original indictment alleging violations of 18 U.S.C. 666(a)(1)(A) for failure to state a claim.  See ECF Nos. 38, 45. Thereafter, the government obtained a Superseding and Second Superseding Indictment.  ECF Nos. 41, 63.  These superseding indictments resurrected the previously dismissed § 666 claims (Counts Four and Five) and added a wire fraud count (Count Three), mail fraud count (Count Seven), aggravated identity theft count (Count Eight), and forfeiture claim.  Defense counsel argues that this "upping the ante" equates to at least the presumption of vindictiveness.  The court disagrees.  The Supreme Court and Fourth Circuit Court of Appeals have never held the pretrial decisions of the prosecution may rise to the level of prosecutorial vindictiveness.  United States v. Goodwin, 457 U.S. 368, 368 (1982) ("A prosecutor should remain free before trial to exercise his discretion to determine the extent of the societal interest in the prosecution.");  see also United States v. Wilson, 262 F.3d at 314-15 (4th Cir. 2001).  Mindful of the presumption of regularity and wide latitude offered to the prosecution during the pre-trial process, the court failed to find even a presumption of vindictiveness in the actions of the prosecution.  See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to

file or bring before a grand jury, generally rests entirely in his [or her] discretion.").[1]

5)   United States' Motion to Exclude Improper Expert Testimony was **GRANTED** in part and **DENIED** in part.  ECF No. 84.  The court prohibited Greg Harkins from testifying about the rental value of the wedding decorations, see supra, but allowed Timothy Ray Pell to testify regarding his expertise in forensic analysis and digital extraction if he could be properly qualified to do so.[2]

6)   United States' Motion in Limine to Exclude Evidence of Subsequent Use of Wedding Decorations and Supplies was **DEFERRED** at the pretrial motions hearing, but ultimately **DENIED** at trial.  ECF No. 85.

7)   United States' Motion to Exclude Evidence of Affair was **DEFERRED** until trial.[3]  ECF No. 86.

8)   Doty's Motion for Hearing Regarding Grand Jury Matter was **GRANTED** to the extent that the court held a hearing on the matter.  ECF No. 87.  After inquiring from the government concerning a statement by a grand juror when the original indictment was obtained, the court determined that there did not exist a particularized need which warranted delving deeper into the veracity of the grand jury proceedings and upending "our grand jury system [which] depends upon the secrecy of grand jury

---

[1]  Defendant's motion and memorandum in support of its motion are titled "Motion to Seal."  See ECF No. 81 ("Motion to Seal Motion to Dismiss . . ."); ECF No. 82 ("Motion to Seal Memorandum in Support . . . ").  While the court did not hear arguments on this issue, the court fails to find that the motion and memorandum themselves necessitate sealing as defined within the requirements of Local Rule of Procedure 26.4.  Nevertheless, the court **DIRECTS** the Clerk of this court to **SEAL** the Grand Jury transcript which defendant attached as an exhibit.  ECF No. 81-1.

[2] Mr. Pell was not called as a witness at trial.  Accordingly, the motion is **DENIED** in part as moot.

[3] Neither party attempted to introduce evidence of an affair during trial.

proceedings." <u>Douglas Oil Co. v. Petrol Stops Nw.</u>, 441 U.S. 211, 218 (1979). This was especially true because any taint in the original indictment was cured through obtaining two superseding indictments in this action. <u>See</u> <u>United States v. Moussaoui</u>, 483 F.3d 220, 235 (4th Cir. 2007) (requiring a showing of particularized need which necessitates unveiling grand jury materials and also overwhelming the continued need for secrecy in the grand jury process). The court also **DENIED** the parties motions to seal this issue. <u>See</u> ECF Nos. 86, 87,[4] 122.

9) Doty's Motion for Reconsideration of Doty's Motion to Strike Surplusage from Indictment was **DENIED**. ECF No. 94.

10) Doty's Motion to Exclude Any Evidence that Defendant Doty Needed Permission to Order Items and Exclude Any Evidence that "The School Did Not Want or Need These Items When They Were Purchased" was **DEFERRED** until trial. ECF No. 96.

11) United States' Motion to Preclude Improper Character Evidence was **DENIED** as moot. ECF No. 100.

12) United States' Motion to Exclude Arguments and Evidence that Would Invite Jury Nullification was **DENIED** as moot. ECF No. 102.

13) Doty's Motion to Dismiss Counts 5-8 of the Superseding Indictment for Failure to State an Offense was **DENIED**. ECF No. 103. Defendant argues that the government is unable to prove that Doty acted "otherwise without authority" under U.S.C. § 666(a)(1)(A) because (1) Doty never converted the wedding purchases; and (2) as superintendent, Doty acted within her purchasing authority under West Virginia Code §§ 5A-3-10; 18-4-10. Disregarding that this argument is grounded in fact which does not warrant dismissal under Federal Criminal Rule of Procedure 12(b)(3)(B), <u>see</u> <u>United States v. Thomas</u>, 367 F.3d 194, 197 (4th Cir. 2004); <u>see also</u> <u>United States v.</u>

---

[4] Defendant's motion and memorandum to seal was stylistically formatted the same as explained <u>supra</u>, footnote. 1.

Hooker, 841 F.2d 1225, 1227–28 (4th Cir. 1988) (en banc), defendant's argument circumvents the statutory language of §666(a)(1)(A) which broadly punishes a defendant who "embezzles, steals, obtains by fraud, <u>or</u> otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property. . . ." (emphasis added). The government charged Count Five of the Second Superseding Indictment in the conjunctive, <u>United States v. Montgomery</u>, 262 F.3d. at 242 (4th Cir. 2004), and in doing so, properly charges Doty with a violation of § 666(a)(1)(A). Moreover, Doty's arguments for dismissal of Counts Six through Eight are rooted in dismissing Count Five, because all four counts flow from the same wedding purchases. As explained above, each count passes the <u>Blockburger</u> test and stands alone as a separate violation of the law.

14) Doty's Motion to Exclude Government's Use of Summary Chart was **DEFERRED** until trial to allow the court to examine the proposed summary chart. ECF No. 114.

## II. DISMISSING DEFERRED MOTIONS

Since the trial in this matter concluded on August 31, 2018, the court **DENIES** as moot all motions upon which the court deferred judgment until trial. <u>See</u> ECF Nos. 96, 114.

## III. CONCLUSION

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.

**IT IS SO ORDERED** this 7th day of January, 2019.

ENTER:

David A. Faber
Senior United States District Judge