IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 2:18-00034

PHYLLIS DOTY

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Phyllis Doty's Motion under Rules 29 and 33 of the Federal Rules of Criminal Procedure and Memorandum in Support (ECF Nos. 149, 150), and defendant's Motion to Supplement Motion for Judgment of Acquittal or in the Alternative a New Trial and Memorandum in Support (ECF No. 168, 169). The government filed a Response in Opposition to Defendant's Motion under Rules 29 and 33 of the Federal Rules of Criminal Procedure and a Response to Defendant's Motion to Supplement Motion for Judgment of Acquittal or in the Alternative a New Trial (ECF No. 152, 170). For the reasons that follow, the defendant's motions are **DENIED**.

### I.  BACKGROUND

On August 31, 2018, a properly impaneled jury returned verdicts of guilt (ECF No. 142) against defendant on Counts 1, 2, 3, 4, 5, 6, 7, and 8 of the Second Superseding Indictment. The defendant argues that a judgment of acquittal or a new trial is appropriate because: (1) Counts 3, 4, 7 and 8 should be dismissed on the basis of prosecutorial vindictiveness; (2)

there was insufficient evidence to sustain a conviction on counts 1-8 of the Second Superseding Indictment; (3) the court erred in admitting evidence of alleged 404(b) acts which were outside the statute of limitations and acts involving the conduct of others; (4) there was insufficient evidence of the value of the items totaling $5,000 to sustain a conviction for violating 18 U.S.C. § 666 and the court erred in excluding the defendant's expert witness regarding value; (5) there was insufficient evidence of receipt of $10,000 in federal funds to sustain a conviction for violating 18 U.S.C. § 666; and (6) Mrs. Doty had the authority to make the purchases which were the subject of the allegations against her. (ECF No. 149). In the defendant's supplemental motion, the defendant argues that the existence of newly discovered evidence supports a judgment of acquittal or a new trial. (ECF No. 169).

## II.  APPLICABLE LAW

On deciding a motion under Rule 29, the court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences to be drawn from that evidence.  United States v. Bailey, 819 F.3d 92, 95 (4th Cir. 2016); United States v. Lespeir, 725 F.3d 437, 447 (4th Cir. 2013); United States v. Royal, 731 F.3d 333,337 (4th Cir. 2013); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  The trial court is not permitted to judge the credibility of the witnesses; it must assume that the jury

resolved all contradictions in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999).

Rule 33 of the Federal Rules of Criminal Procedure allows a trial court to grant a new trial to a defendant upon the defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a).  When a Rule 33 motion attacks the weight of the evidence, a trial court's authority to grant a new trial is "much broader" than when a trial court decides a motion under Rule 29 of the Federal Rules of Criminal Procedure. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). Included within this broader discretion is the ability to weigh the credibility of witnesses.  See id.  However, despite a trial court's broad discretion when deciding a Rule 33 motion that attacks the weight of the evidence, a trial court should use such discretion "sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict."  Id. at 1486; United States v. Singh, 518 F.3d 236 (4th Cir. 2008) (reversing a district court that granted a new trial under Rule 33 for abuse of discretion where the evidence at trial did not weigh heavily against the verdict).

## III. ANALYSIS

### A. Defendant's allegation that Counts 3, 4, 7 and 8 should be dismissed on the basis of prosecutorial vindictiveness

The defendant argues that Counts 3, 4, 7, and 8 of the Second Superseding Indictment should be dismissed based upon prosecutorial vindictiveness because no new evidence was presented. (ECF Nos. 149, 150). In support, the defendant states that evidence of the prosecutorial vindictiveness is the fact that the charges increased from five to eight counts, and that she faces significant time of imprisonment and fines as a result. (ECF No. 150 at p. 3-4).

To establish prosecutorial vindictiveness, a defendant must show, through objective evidence: (1) the prosecutor acted with genuine animus towards the defendant; and (2) the defendant would not have been prosecuted but for that animus. United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001)(citing United States v. Goodwin, 457 U.S. 368, 372, 102 S. Ct. 2485, 73 L.Ed.2d 74 (1982)(noting that the charges must be brought "solely to 'penalize' the defendant and could not be justified as a proper exercise of prosecutorial discretion")). A presumption of vindictiveness "is warranted only when circumstances warrant it for all cases of the type presented," and "will rarely, if ever, be applied to prosecutor's pretrial decisions. Id. at 315.

Here, there is no evidence or cited case law to support a presumption of prosecutorial vindictiveness. Furthermore, the defendant has failed to demonstrate that the prosecutor acted with genuine animus towards her, and that she would not have been prosecuted but for that animus. The court does not find that the government's decision to increase the charges prior to the trial amounts to vindictiveness. But see, e.g., Blackledge v. Perry, 417 U.S. 21, 28-29, 94 S. Ct. 2098, 2103, 40 L. Ed. 2d 628 (U.S. 1974) (holding that if a prosecutor responds to a defendant's successful exercise of his right to appeal by bringing a more serious charge against him, he acts unconstitutionally). Therefore, the defendant's renewed motion to dismiss Counts 3, 4, 7 and 8 based on prosecutorial vindictiveness is DENIED.

**B. Defendant's allegation that there was insufficient evidence to sustain a conviction on Counts 1-8 of the Second Superseding Indictment**

Counts Four and Five charge the defendant with theft concerning programs receiving federal funds: the misappropriation of Apple products in Count Four and the misappropriation of items used in the defendant's son's wedding in Count Five. The defendant's primary theory is that because the government allegedly failed to present sufficient evidence regarding the two theft counts, the other six counts, involving wire fraud, mail fraud and aggravated identity theft, which are

5

related to the two theft counts, lack the requisite evidentiary basis to support the conviction.  Therefore, the defendant argues that the government presented insufficient evidence to support all counts of conviction.

1. Count Four (theft concerning programs receiving federal funds)

In Count Four, the defendant was charged with stealing more than $5,000 in Apple devices purchased by the Logan County Board.

Ray Ellis, the purchasing director at the time of the scheme, testified that the Board ordered and paid for several hundred iPods and iPads directly from Apple during the years of the scheme.  The defendant directed the orders and faxed the orders from the Board's office in West Virginia to Apple, Inc. in Texas—six iPads on July 29, 2013, and five iPads on November 26, 2013.  The government presented evidence that demonstrated that of the eleven total iPads ordered on July 29, 2013, and November 26, 2013, the defendant gave away six to her family. The defendant's niece, Ashley Stapleton, testified that defendant, along with her husband, Jack Doty, gave the Stapleton family brand new iPads and iPods as gifts.  The registration records from Apple confirmed that the devices Stapleton received from the defendant were the same devices purchased by the Board. Additionally, the defendant's nephew, Steven Cochrane, testified

6

that the defendant and her husband gave him a new iPad for Christmas in 2011.  The Apple records confirmed that this iPad was also purchased by the Board.  Apple records further revealed that at least thirteen Apple devices purchased by the Board between 2011 and 2013 were registered to members of the defendant's family.

Evidence was also presented at trial that an eBay account, that was registered in the defendant's husband's name, Jack Doty, used their joint mailing address and an email address that was shared, was used to sell new Apple devices purchases by the Board.  Records indicated that the devices sold on the account "jack1545" were paid for using PayPal and the profit was posted to a PayPal account registered to Jack Doty using an email address he and the defendant shared.  The government presented evidence that the PayPal records showed that the profits posted to that PayPal account were deposited into a joint bank account that the defendant shared with her husband.  The government presented evidence of the eBay records, the records of the Board's order, and the Apple registration records, which supported the allegation that twenty iPods and iPads purchased by the Board during the defendant's alleged scheme were sold on eBay using the jack1545 account.  The government also presented evidence that the money from the sale was deposited into the defendant's BB&T bank account.  The government also presented

evidence that the defendant personally purchased one of the iPads from jack1545 using her Board of Education email address and leaving a positive review on the eBay account page.

Additionally, the government presented evidence at trial that on December 13, 2013, the defendant purchased four Apple iPods at a Walmart store in West Virginia with a Logan County School credit card. The explanation for the purchase of the iPods was that they were to be used at a Christmas choral performance and they were designated for five Logan County School employees. The five employees who were designated these iPods all testified that they never received the iPods. The government presented evidence that three of the Walmart iPods were registered to defendant's family members during Christmas time in 2013, and that a fourth Walmart iPod was sold on the jack1545 eBay account the following January.

Finally, the FBI computer expert, Melinda Cash, testified as to recovered images on the defendant's phone consistent with her fraudulent orders, and access to the jack1545 eBay account. Special Agent Jim Lafferty, the lead case agent, testified that he traced all of the electronic devices that were given to a family member or sold on eBay by their serial numbers. Using summary charts, Jim Lafferty showed that each device wound up registered to a member of the defendant's family or an eBay purchaser. Jim Lafferty also used Apple records to show that

each device sold or given away was a device that had been ordered or paid for by Logan County Schools.  He also showed that the money for the devices sold on eBay ended up in the defendant's joint checking account.

In this case, it cannot be concluded that the evidence presented at trial weighed heavily against the verdict.  The government presented evidence that the defendant obtained the Apple devices through purchasing or directing their purchase, that these same Apple devices were either given to the defendant's family members as personal gifts or were sold on the jack1545 eBay account, and that the proceeds were deposited into the defendant and her husband's joint banking account.  The government further presented evidence that the defendant was in fact connected to the jack1545 account—the account was registered in her husband's name, the address listed was the defendant's home address, the email was a shared email address, and the account listed the defendant's work phone number as one of the contact numbers.  Furthermore, the defendant purchased one of the iPods from the eBay account and left a positive review.

The court finds that the evidence at trial, both direct and circumstantial, supported the jury's guilty verdicts. Therefore, a judgment of acquittal or a new trial would be

inappropriate on the basis of insufficient evidence as to the charges relating to the Apple devices.

### 2. Count Five (theft concerning programs receiving federal funds)

In Count Five, the defendant was charged with the fraudulent purchase of items used in the defendant's son's wedding. The defendant argues in her motion that there was insufficient evidence that the wedding supplies from Displays2Go and Column Warehouse were purchased fraudulently. In the defendant's Reply to Government's Response to Motion Under Rules 29 and 33 of the Federal Rules of Criminal Procedure and Memorandum in Support, she argues that "[w]ith respect to Counts 5 through 8 involving the $4,833 purchase from Column Warehouse, the [d]efendant had the authority as Superintendent to order whatever she deemed the various schools throughout Logan County needed, there was no conversion of the items, and the items were things commonly used by the schools." (ECF No. 157, p. 4).

At trial, the government offered evidence to support their theory that the defendant used the Board's funds to furnish and supply her son's wedding that took place on August 8, 2015, at Chapmanville Middle School, a Logan County School. Ray Ellis, the purchasing director, testified that the defendant filled out requisition forms for various items from two party supply and decoration companies. The items purchased from Displays2Go

included easels, risers, markers, drink dispensers, and bread baskets. All of these items were shipped to the Ralph Willis Technical School. Ray Ellis further testified that the defendant ordered columns, urns, and a colonnade from Column Warehouse. To order these items, the defendant created an account with Column Warehouse using Ray Ellis' name and email address. Ray Ellis testified that the defendant did not have permission to use his name and email address to place the order. The items were shipped to the music department at Chapmanville Middle School. At trial, Jason Browning, the middle school's principal, and Brad Dugan, the band director, testified that they neither requested nor needed the items, and that the items were not unpacked or used before the defendant's son's wedding. Ray Ellis testified that he received shipping confirmation from Column Warehouse, and Jason Browning was present at the school when the items were delivered by a commercial shipping company. Michael Frye, the school custodian, testified that he helped set up these decorations at the defendant's son's wedding. The wedding planner, Diana Caldwell, testified that the Column Warehouse items and certain Displays2Go items were used in the wedding. The government introduced pictures of the wedding to confirm this testimony. Diana Caldwell also testified that the defendant tried to sell the urns and colonnade to her after the wedding. Diana Caldwell explained that when she denied the

offer, the defendant gave her the urns for free.  Diana Caldwell
further testified that she was later contacted by the defendant
and asked to return the urns to a Logan County School.  The
government presented evidence that the request to return the
urns to the school occurred after an investigation into the
defendant's spending became public.

It cannot be concluded that the evidence presented at trial
weighed heavily against the verdict.  The court finds that the
evidence presented at trial by the government supports the
jury's finding of the defendant's guilt.  The defendant's
discretionary purchasing power did not extend to her buying
personal items nor did it extend to her utilizing someone else's
identity without their permission to make those purchases.
Thus, the court finds that the jury reasonably determined that
the defendant's conduct was fraudulent.  Therefore, a judgment
of acquittal or a new trial on the basis of insufficient
evidence is denied.

### C. Defendant's allegation that evidence of alleged 404(b) acts were improperly admitted because they were allegedly outside the statute of limitations and involving the conduct of others

The defendant argues that this court erred in admitting
evidence of fraudulent purchases and thefts that were not
included in the substantive counts of the indictment but were
alleged as part of the scheme in the indictment.  The defendant

argues that it was prejudicial for the court to admit evidence of the iPods and iPads sold on eBay under the jack1545 eBay account.

As articulated by the government in its response memorandum, the statute of limitations bars prosecution, not the admittance of evidence.  See United States v. Pharis, 298 F.3d 228 (3rd Cir. 2002) ("In a mail fraud prosecution, a mailing that is within the statute of limitations can impose criminal liability for conduct that was part of the same scheme but that was initiated outside the statute of limitations."); United States v. Wellman, 830 F.2d 1453, 1464 (7th Cir. 1987)("The fact that the scheme, and acts committed in furtherance of it, may have extended over a period in part barred by the statute of limitations does not mean that they are irrelevant in determining whether mailings occurring within the statutory period were in furtherance of a scheme to defraud and thus proscribed by 18 U.S.C. § 1341.").

Here, the overarching scheme to defraud was an element to each of the charges of mail and wire fraud.  The evidence offered by the government of the purchases made outside the statute of limitations was properly admitted for the purpose of demonstrating a scheme as set forth in the fraud charges. Additionally, the jury was properly instructed to rely upon the

appropriate evidence in finding the defendant guilty of each count.

Furthermore, regarding the eBay account, as detailed previously, the government presented evidence that the defendant purchased and acquired the Apple devices sold on the eBay account, had connections to the eBay account through the joint mailing address, email address, and a purchase made from the eBay account in her individual capacity, and profited from the sales made on the account. Thus, this evidence was relevant and probative of the defendant's guilt.

Therefore, for the foregoing reasons the jury made a rational finding of the defendant's guilt.

**D. Defendant's allegation that there was insufficient evidence of the value of the items totaling $5,000 to sustain a conviction for violating 18 U.S.C. § 666 and that the court erred in excluding the defendant's expert witness regarding value**

Count Three and Four charge the defendant with violations of 18 U.S.C. § 666(a)(1)(A), which prohibits the embezzlement of more than $5,000 from organizations receiving federal funds in excess of $10,000. In Count Four, the defendant was charged with stealing more than $5,000 in Apple devices purchased by the Logan County Board. To arrive at this $5,000, the jury was instructed that they could aggregate qualifying thefts that occurred between July 1, 2013 and June 30, 2014. The defendant did not object to this jury instruction as presented in the

court's charge.  In Count Five, the defendant was charged with
the fraudulent purchase of items for the defendant's son's
wedding.  To arrive at the $5,000 threshold, the jury was
instructed that they could aggregate the purchases of wedding
supplies that occurred between January 1, 2015, and December 31,
2015.  Again, the defendant did not object to this jury
instruction as presented in the court's charge.

The defendant argues that the government failed to submit
any evidence of a fraudulent scheme, and therefore, that the
aggregation by the jury in Counts Four and Five was improper.
Specifically, the defendant argues that "[w]hen you subtract the
iPads sold on eBay by Jack Doty, then the Government fails to
reach the $5,000.00 statutory threshold required by 18 U.S.C. §
666."

Under 18 U.S.C. § 666, "aggregation [. . .] is proper,
provided that the multiple conversions were part of a single
scheme or plan the intent of which was to steal more than
$5,000."  United States v. Webb, 691 F. Supp. 1164, 1168 (N.D.
Ill. 1988); see also United States v. Cruzado-Laureano, 4040
F.3d 470, 484 (1st Cir. 2005)("[t]he total value of funds stolen
can be aggregated to satisfy the $5,000 minimum that triggers
criminal liability under § 666."); United States v. Miller, 200
F. Supp. 2d 616, 619 (S.D. W. Va. 2002)("Generally, the
government is permitted to aggregate offenses involving discrete

sums of money . . . where a series of unlawful acts, 'were part of a single continuing scheme.'").

In light of the applicable statutory and case law, the court agrees with the government's assertion in its reply brief that,

> In each count, multiple thefts were part of a single scheme. In Count Four, the scheme was to purchase and steal iPods and iPads. In Count Five, the scheme was to use county funds to buy wedding supplies. Each of these schemes is a subset of the overarching scheme to defraud the Board that was alleged in the indictment and proved at trial to the satisfaction of the jury. Each individual scheme involved thefts of the same nature and for the same purpose, and in the same time period. Thus, the thefts in Counts Four and Five were properly aggregated.

(ECF No. 152, p. 9). Thus, the court finds that the government presented sufficient evidence to support a theory of a common scheme, and that the properly instructed jury reasonably aggregated the multiple conversions to reach $5,000 as required by statute. The defendant's motion for judgment of acquittal or a new trial on this basis is denied.

### E. There was insufficient evidence of receipt of $10,000 in federal funds to sustain a conviction for violating 18 U.S.C. § 666

The defendant argues that the evidence was insufficient to support a finding that $10,000 in federal funds was received as charged in Counts Four and Five of the Second Superseding Indictment.

The defendant contends that Terry Harless, the Chief
Financial Officer of the West Virginia Department of Education,
did not possess the requisite personal knowledge to testify as
to the Board's federal funding, and thus, the testimony was not
admissible under Rule 602 of the Federal Rules of Evidence.  The
defendant argues the fact that Terry Harless estimated that the
Board received several million dollars in a year makes his
testimony inadmissible hearsay evidence.  Thus, the defendant
argues that his testimony did not satisfy the government's
evidentiary burden.

The Fourth Circuit has interpreted Rule 602 as follows,

> Rule 602 [. . .] does not require that the witness'
> knowledge be positive or rise to the level of absolute
> certainty. Evidence is inadmissible under this rule
> only if in the proper exercise of the trial court's
> discretion it finds that the witness could not have
> actually perceived or observed that which he testifies
> to.

M. B. A. F. B. Fed. Credit Union v. Cumis Ins. Soc., Inc.,
681 F.2d 930, 932 (4th Cir. 1982).

Here, Terry Harless, testified at trial that the Logan
County Board received millions of dollars in federal funds each
year.  Terry Harless testified that during the years beginning
in July 1, 2013, and January 1, 2015, the Logan County Board of
Education received more than $10,000 in federal funding.  The
government argues that this was not improper hearsay evidence
because Terry Harless testified from his personal knowledge and

experience gained from his position as the CFO of the West Virginia Department of Education.  Therefore, the government argues that "[t]he unchallenged testimony from an executive at the Department of Education, who demonstrated personal knowledge and experience of how federal funds are distributed to local county boards, was sufficient to prove the $10,000 requirement of the 18 U.S.C. § 666 charges.

The court finds that Terry Harless, as the Chief Financial Officer of the West Virginia Department of Education, possessed personal knowledge of the funding received by the Board as to be able to testify as it the amount of federal funding received. In this instance, it is inconsequential that that Terry Harless made approximations as to the exact dollar amount of federal funding the Board received because he established that it was well over $10,000.  See M. B. A. F. B. Fed. Credit Union, 681 F.2d at 932 (explaining that Rule 602 does not require that a witnesses' knowledge be positive or rise to the level of absolute certainty.). Therefore, the court finds there was sufficient evidence of receipt of $10,000 in federal funds to sustain a conviction for violating 18 U.S.C. § 666, and the defendant's motion for acquittal or a new trial on this basis is DENIED.

**F. Defendant's allegation that the existence of newly
discovered evidence supports a judgment of acquittal or a
new trial**

In a supplemental motion, the defendant argues that the
court should grant a judgment of acquittal or a new trial under
Rule 33(b)(1), on the basis of newly discovered evidence. (ECF
No. 169). The recently discovered evidence consists of a report
from the West Virginia Auditor about Board expenditures during
the time the defendant worked as superintendent. The defendant
explained in her supplemental motion that "[f]or some unknown
reason the Auditor's office not only did not date this report
they did not follow the customary practice of putting the report
on line [sic] for public review." The defendant further
explained that "the report came to the attention of counsel and
Mrs. Doty through a news report about the January meeting of the
Logan County Board of Education at which the Auditor's findings
were discovered." The defendant argues that, had this evidence
had been admitted at trial, it would have likely changed the
outcome of the case.

The government characterizes the report as follows:

> On November 26, 2018, and months after
> defendant's trial, an Agreed-Upon Procedures Report
> (hereinafter report) that was requested by the Logan
> County Board of Education was completed. This report
> was formally submitted to the Logan County Board of
> Education on January 10, 2019 and made public on that
> date. The report itself is an Agreed-Upon procedures
> report designed solely for the Logan County Board of
> Education and was done at their request. The report
> investigated certain groups within the Logan County
> Board of Education and their compliance with the

Accounting Procedure Manual for the Public Schools in
the State of West Virginia.

The Fourth Circuit utilizes a five-part test in determining
whether a new trial should be granted under Rule 33:

(a) the evidence must be, in fact, newly discovered,
i.e., discovered since the trial; (b) facts must be
alleged from which the court may infer diligence on
the part of the movant; (c) the evidence relied on
must not be merely cumulative or impeaching; (d) it
must be material to the issues involved; and (e) it
must be such, and of such nature, as that, on a new
trial, the newly discovered evidence would probably
produce an acquittal.

See United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001).

In determining whether the newly discovered evidence would

probably produce an acquittal, the "district court is required

to make a credibility determination as part of the probably-of-

acquittal inquiry [,] . . . focus[ing] on whether a jury

probably would reach a different result upon hearing the new

evidence." United States v. Lighty, 616 F.3d 321, 374 (4th Cir.

2010).

Based upon the defendant's motion, the government's reply,

and the facts of the case, the primary factor at issue before

the court is whether the evidence is of such nature that if on a

new trial, the newly discovered evidence would probably produce

an acquittal.

The defendant contends that because the report reviewed the

purchases made by the Logan County Board of Education for the

relevant period referenced in the Second Superseding Indictment
and reached a finding that no unauthorized expenditures were
made, this evidence would likely change the outcome of the
trial.

The government objects to the defendant's supplemental
motion for multiple reasons.  First, the government argues that
the report was not a criminal investigation and does not assess
the defendant's fraudulent conduct or whether she was in
violation of federal or state law.  The government argues that,
rather, the report was offered for a limited purpose on
restricted methodology.  Furthermore, the government argues that
the report makes no mention of the defendant or her criminal
conduct relating to wire fraud, identity theft, or misuse of
government accounts.  Second, the government argues that "the
amount of missing electronics [noted on the report] (including
some of which wound up in the possession of defendant) may have
persuaded the jury even more swiftly of the defendant's guilt."

In opposition to the defendant's supplemental motion, the
government attached an exhibit (ECF No. 170, Exhibit 1) which is
a memorandum from Stuart T. Stickel, CPA, CFE, Deputy State
Auditor for the West Virginia State Auditor's Office addressed
to Martin Wright, Legal Counsel for the West Virginia State
Auditor's Office.  This memo explains the limited nature of the
report.  The memo states that the Chief Inspector Division of

the West Virginia State Auditor's Office performed an agreed-upon procedures engagement at the request of the governing board for the Logan County Board of Education.  He explained that "an agreed-upon procedures engagement is one where the [Chief Inspector Division] is engaged to issue a report on findings based on specific procedures applied to the subject matter for use by [the Logan County Board of Education]."  The report was not a financial audit, i.e., "the auditor did not assess risk and design procedures to test and gather audit evidence that support amounts recorded in the financial statement." Furthermore, the report expressly states that it is "intended solely for the information and use of the Logan County Board of Education and is not intended to be, and should not be, used by anyone other than the specified parties."  The report also says, "[t]he purpose of the restriction on the use of the practitioner's report on applying agreed-upon procedures is to restrict its use to only those parties that have agreed upon the procedures performed and taken responsibility for the sufficiency of the procedures."

The court finds that the report does not assess whether the defendant was in compliance with federal or state law, nor does the report shed light on her criminal conduct relating to wire fraud, identify theft, or the misuse of government accounts. Instead, the report was an investigation of certain groups

within the Logan County Board of Education and their compliance with the Accounting Procedure Manual for the Public Schools in the State of West Virginia. Thus, the court cannot conclude that if offered as evidence on retrial, the result would likely be an acquittal.

## IV. CONCLUSION

For all these reasons, the court **DENIES** the defendant's Motion under Rules 29 and 33 of the Federal Rules of Criminal Procedure and Memorandum in Support (ECF Nos. 149, 150), and defendant's Motion to Supplement Motion for Judgment of Acquittal or in the Alternative a New Trial and Memorandum in Support (ECF No. 168, 169).

The Clerk is directed to send a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.

**IT IS SO ORDERED** this 7th day of March, 2019.

ENTER:

David A. Faber
Senior United States District Judge