IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 2:18-00034

PHYLLIS DOTY

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's motion for compassionate release. (ECF No. 201.) Defendant requests compassionate release in light of the COVID-19 pandemic, due to the facts that she is 66 years old, suffers from Type II diabetes and several other health conditions, and is incarcerated at FMC Lexington, which has one of the highest rates of COVID-19 transmissions of all federal prisons. (See ECF No. 202.) The court ordered the government to respond to defendant's motion, (ECF No. 204), and the government filed a response on May 20, 2020, opposing compassionate release. (ECF No. 205.) Defendant filed her reply on May 21, 2020. (ECF No. 206.)

For the following reasons, the court **DENIES** defendant's motion for compassionate release.

## I. Background

Defendant is 66 years old. She suffers from Type II diabetes, hypertension, high cholesterol, arthritis, anxiety,

depression, gall bladder attacks for which she possibly needs surgery, and she has a previous diagnosis of skin cancer.

On September 4, 2018, defendant was convicted of eight felony counts concerning fraud committed while she was the Superintendent of Logan County Schools. (See ECF No. 181.) On March 1, 2019, this Court sentenced her to 42 months of incarceration. (Id.) Defendant has served approximately 13 months of that sentence.

Defendant is currently incarcerated at FMC Lexington in Lexington, Kentucky. As of May 20, 2020, the Bureau of Prisons ("BOP") website listed FMC Lexington as the third most infected facility in the country with 212 positive cases. (See ECF No. 206.) As of June 10, 2020, there remain 78 active COVID-19 cases among FMC Lexington inmates, and six inmates have died from COVID-19.[1]

On April 9, 11, and 13, 2020, defendant petitioned the Warden at FMC Lexington for compassionate release due to COVID-19. (ECF No. 202, Ex. 3.) More than thirty days have elapsed from these requests. Defendant never received a formal denial of her request; instead, she received notification from her case manager that a "referral is not being submitted on her behalf"

[1] WKYT News Staff, *Sixth FMC inmate dies from COVID-19*, WKYT (June 10, 2020), https://www.wkyt.com/2020/06/10/fifth-fmc-dies-from-covid-19/.

because "priority is being given to inmates who have served 50% or more of their sentence or are within 18 months of their release." (Id.) The United States Attorney for the Southern District of West Virginia is "adamantly opposed" to defendant's release. (ECF No. 205.)

## II. **Analysis**

The First Step Act empowers criminal defendants to request that courts grant them compassionate release pursuant to 18 U.S.C § 3582(c). But before they make such requests to the court, defendants must first ask the BOP via the administrative process and give the BOP thirty days to respond. See id. § 3582(c)(1)(A). Upon such a motion from the BOP or from a defendant (after either the BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment." Id. § 3582(c)(1)(A)(i). Here, more than thirty days have elapsed since defendant filed her request for compassionate release with the BOP. (See ECF No. 202, Ex. 3.) Thus, despite the government's assertions to the contrary, defendant has clearly exhausted her remedies. This court will now consider whether defendant has demonstrated that she meets the factors meriting compassionate release.

Congress has restricted the power of courts to modify a term of imprisonment once it has been imposed except when "extraordinary and compelling reasons warrant such a reduction"

and when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, to warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) she is not a danger to the safety of others or the community; and (3) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a). See id.; see also USSG §§1B1.13(1)(A),(2).

**A. Extraordinary and Compelling Reasons**

Other district courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility. United States v. Brady, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citing and gathering cases). Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry. See United States v. Shakur, 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

According to the Centers for Disease Control and Prevention ("CDC"), persons over the age of 65 and persons with diabetes have a significantly increased risk of health complications from COVID-19. See *Coronavirus Disease 2019 (COVID-19), At Risk for Severe Illness*, Ctrs. For Disease Control & Prevention (May 14,

2020), https://bit.ly/2WBcB16. Accordingly, defendant – due to her age and preexisting medical condition - is at a higher risk of health problems resulting from COVID-19. Moreover, defendant can show a particularized risk of contracting the disease, as FMC Lexington is suffering from a significant outbreak of COVID-19. Contra United States v. Feiling, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (court declining to find extraordinary and compelling circumstances where defendant, though having significant health problems, was incarcerated at a facility that had zero confirmed COVID-19 cases).

Defendant is incarcerated within a prison in which there is imminent risk of exposure to the coronavirus, and defendant is at high risk for death or serious illness from COVID-19 based on her age and medical conditions. Thus, the court finds there are "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) to support a reduced sentence or early release.

**B. Danger to the Safety of Others**

The court finds that a sentence reduction for defendant would not result in danger to the safety of others or the community. Defendant was convicted of a non-violent offense, and the government concedes that defendant would not appear to pose a danger to public safety if released. Defendant's offenses related to an abuse of a position of power and trust.

Due to her crimes, she has been stripped of this position and the court finds that there is low likelihood of recidivism. Moreover, at 66 years old and with her medical conditions, the court finds she is very unlikely to recidivate.

**C. Section 3553(a) Sentencing Factors**

Having found that that defendant's age, health, and place of incarceration constitute extraordinary and compelling reasons warranting compassionate release, and that she poses no danger to others or to the community, the court must now consider the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Applying these factors to defendant, the court finds that granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a).

While defendant has no prior criminal record and her offenses were non-violent, defendant's crimes were very public and came at the expense of a school system situated in an impoverished area of this state. Her crimes abused a position of power and of public trust. They were repeated, systematic, and done with premeditation. As far as the court can tell, defendant has not accepted responsibility for her criminal actions at any time in the process. Based on the seriousness of defendant's crimes, and the needs to promote respect for the law, to provide just punishment for the offenses, and to adequately deter criminal conduct, the court sentenced defendant to 42 months of incarceration. Given these particular circumstances, the court finds it very significant that defendant has served less than a third of her sentence. Thus, the court finds that a sentence reduction for defendant would be entirely inconsistent with the sentencing factors set forth in § 3553(a).

The vast majority of district courts have likewise declined to grant compassionate release motions where a defendant has served a small fraction of his or her sentence of incarceration. See United States v. Lonich, 2020 WL 2614874, at *3 (N.D. Cal.

May 21, 2020) (denying motion despite COVID-19 outbreaks in the facility and defendant being 65 years old and having medical conditions that make him particularly vulnerable, because "the Court finds it significant that defendant[] ha[s] served far less than half of [his] sentence[]"); United States v. Brady, 2020 WL 2512100, at *4 (S.D.N.Y. May 15, 2020) (finding that despite defendant having serious medical conditions and being incarcerated at FMC Lexington, "[t]he deterrence objectives of 18 U.S.C. § 3553(a) would be undercut by a reduction here, where [defendant] has served . . . less than one quarter" of his sentence); United States v. Hylander, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (denying compassionate release where 66-year-old defendant had served one-third of sentence and suffered from a number of significant health conditions).[2]

[2] See also United States v. Arthur Williams, 2020 WL 3086049, at *1 (D. Mass. June 10, 2020) (denying in part because defendant had served less than half of his sentence); United States v. Brinkley, 2020 WL 3051574, at *1 (S.D. Fla. June 7, 2020) ("Although [chronic bronchitis] may put him at a higher risk of contracting a severe case of Covid-19, Brinkley's asthma is not at such an acute level as to warrant his release after serving less than 50% of his sentence"); United States v. Colonna, 2020 WL 2839172, at *4 (S.D. Fla. June 1, 2020) (holding that a modification of defendant's sentence is unwarranted in part because defendant had served less than 25% of the sentence); United States v. Linder, 2020 WL 2793089, at *4 (W.D. Pa. May 29, 2020) (same); United States v. Singui, 2020 WL 2523114, at *5 (C.D. Cal. May 18, 2020) (same); United States v. Alvarez, 2020 WL 2572519, at *5 (S.D. Fla. May 21, 2020) (assuming defendant had satisfied exhaustion requirement, court would still deny compassionate release on § 3553(a) grounds because defendant had served less than 25% of his sentence); United

The court has found only two cases where a district court has granted compassionate release to a defendant that had served less than half his or her sentence: in United States v. McKinney, 2020 WL 2958228, at *2 (W.D.N.Y. June 4, 2020) (18 of 120 months served), and in United States v. Kamaka, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020) (5 out of 12 months served). Both cases are distinguishable from the instant case.

In McKinney, the government conceded that McKinney, aged 55, suffered from COPD, diabetes, and severe obesity – multiple conditions that the CDC notes as significantly elevating COVID-19 risks. McKinney, 2020 WL 2958228, at *2. McKinney also needed oxygen every night and was recently confined to a wheelchair. Id. And the facility where McKinney was incarcerated, FMC Devens, was reporting 47 active cases and one death. See id. While this court disagrees with the McKinney

States v. Zamor, 2020 WL 2764282, at *2 (S.D. Fla. May 12, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence"); United States v. Gamble, 2020 WL 1955338, at *4 (D. Conn. Apr. 23, 2020) (denying compassionate release where 47-year-old defendant had served five months of 92-month sentence and suffered from diabetes); United States v. Moskop, 2020 WL 1862636, at *1 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where 72-year-old defendant had served less than half of 240-month sentence and suffered from various significant risk-increasing medical conditions); United States v. Haney, 2020 WL 1821988, at *7 (S.D.N.Y. Apr. 13, 2020) (denying compassionate release for a 61-year-old prisoner whose release would reduce a 42-month sentence to nine months).

court's decision to grant early release to home confinement with only 18 out of 120 months of incarceration served, it is also clearly evident that McKinney suffered from far greater health problems and risks – the court termed them "debilitating" - than does the defendant in this case.

In Kamaka, Kamaka not only suffered from an at-risk health condition, was in a prison that had an outbreak of COVID-19, and was a non-violent offender, but Kamaka was also initially sentenced to only 12 months and was scheduled to be released before the end of the year. See id. at *3-4. Here, defendant was initially sentenced to 42 months, and has just under two and a half years until she is scheduled to be released. Additionally, neither the court in McKinney nor the court in Kamaka noted any concerns with deterrence resulting from granting either defendant's early release. This stands contrary to the deterrence concerns here, which are heightened due to the particularly public nature of defendant's crimes and her formerly prominent position in the community.

The court is very concerned about the spread of COVID-19 in the federal prison system, and especially about the outbreak at FMC Lexington. However, while defendant's age and medical conditions place her at higher risk of complications in the event that she becomes infected with the virus, the court finds it very significant that defendant has served less than a third

of her sentence for her crimes. Such an early reduction in sentence would not reflect the seriousness of the offense, provide just punishment, or be a sufficient deterrent to others in the community. 18 U.S.C. § 3553(a); see also United States v. Oropeza Lopez, 2020 WL 1923194, at *2 (E.D. Cal. Apr. 21, 2020) ("Defendant has served less than half of his sentence [which] . . . would not appear to "reflect the seriousness of the offense" or "provide just punishment for the offense."); United States v. Edington, 2020 WL 2744140, at *5 (D. Colo. May 27, 2020) (concluding that, even if the court were to find the defendant was not a danger to the community, a "sentence of less than half the court originally imposed is [not] sufficient to further the goals of sentencing"). A sentence in the range of 42 months imprisonment was necessary to achieve those goals. Even converting defendant's sentence to one of home confinement, when she has served just 13 months of a 42-month term of incarceration, would disserve these important § 3553(a) factors.

## III. Conclusion

A sentence reduction pursuant to compassionate release would not serve the sentencing objectives of 18 U.S.C. § 3553(a). Therefore, the court **DENIES** plaintiff's motion for compassionate release.

The Clerk is directed to send a copy of this Order to counsel of record, any unrepresented parties, the Warden at FMC

Lexington in Lexington, Kentucky, and the Probation Office of this court.

It is SO ORDERED this 23rd day of June, 2020.

ENTER:

David A. Faber
Senior United States District Judge